

NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

Signed October 4, 2008

---

Mann & Stevens, P.C.
June A. Mann
550 Westcott Street, Suite 560
Houston, Texas 77007
(713) 293-3600;  (713) 293-3636 (facsimile)

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| JAMES MILBURN WRIGHT and § | | |
| ROSE FRANCES WRIGHT, Debtors § | CASE NO. 06-70075-HDH-13 | |
| § | CHAPTER 13 | |
| BARCLAYS CAPITAL REAL ESTATE INC. § | | |
| DBA HOMEQ SERVICING, as servicer for § | | |
| WELLS FARGO BANK MINNESOTA, N.A., § | | |
| AS TRUSTEE UNDER THE POOLING AND § | | |
| SERVICING AGREEMENT DATED AS OF § | HEARING DATE: October 15, 2008 | |
| FEBRUARY 28, 2001, SERIES 2001-A, their § | HEARING TIME: 11:00 A.M. | |
| successors and/or assigns, Movant § | | |
| § | | |
| vs. § | | |
| § | | |
| JAMES MILBURN WRIGHT and ROSE § | | |
| FRANCES WRIGHT, Debtors and WALTER § | | |
| ROSS O'CHESKEY, Trustee, § | | |
| Respondents § | | |

### AGREED ORDER MODIFYING AUTOMATIC STAY

Came on for consideration the Motion for Relief from Stay ("Motion") filed by **BARCLAYS CAPITAL REAL ESTATE INC. DBA HOMEQ SERVICING, as servicer for WELLS FARGO**

MS NO. 161832                                                                                                                  1

**BANK MINNESOTA, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 28, 2001, SERIES 2001-A, their successors and/or assigns** ("Movant"), one of the secured creditors in the above entitled and numbered case. The Court having considered the Motion, any and all responses filed thereto, and the agreement of counsel, is of the opinion that the following Agreed Order Modifying Automatic Stay should be entered. It is therefore, **ORDERED** that:

1. **Automatic Stay:** The automatic stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments**: Beginning October 1, 2008, and continuing on the first day of each month thereafter Debtors shall remit directly to Movant the regular post-petition monthly mortgage payment pursuant to the Note and Deed of Trust referred to in the Motion. All payments shall be made directly to Movant at the following address:

> BARCLAYS CAPITAL REAL ESTATE INC.
> DBA HOMEQ SERVICING CORPORATION
> ATTN: AIM CASH / MC #M05534
> 4837 WATT AVE., SUITE 200
> N. HIGHLANDS, CA 95660

3. **Additional Payments**: Debtors shall remit directly to Movant the sum of **$1,048.92**, which represents **two (2)** post-petition monthly mortgage payments of **$327.04** each plus **two (2)** post-petition late charges of **$15.42** each for the months of Augsut 2008 through September 2008, inclusive: less suspense balance credit of -$311.00 plus bankruptcy fees and costs of $525.00, and filing fees of $150.00, to be paid to Movant on the dates listed below:

|     | **Date** | **Amount** |
|-----|----------|------------|
| (1) | October 15, 2008 | $174.82 |
| (2) | November 15, 2008 | $174.82 |
| (3) | December 15, 2008 | $174.82 |
| (4) | January 15, 2009 | $174.82 |
| (5) | February 15, 2009 | $174.82 |
| (6) | March 15, 2009 | $174.82 |
|     | **TOTAL** | **$1,048.92** |

4. **Chapter 13 Plan Payments:**   Debtors shall make all Trustee payments promptly when due according to the provisions of their Chapter 13 Plan.  Debtors shall pay Movant's entire secured pre-petition arrearage claim through their Chapter 13 Plan.

5. **Default:**   Should Debtors default on any terms of this order, Movant shall mail notice of the default to Debtors, their attorney, and the Trustee by U.S. First Class Mail, postage prepaid. Should Debtors not cure the default plus pay Movant's $50.00 default letter charge, within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant's collateral.  Debtors' right to default and cure within the prescribed ten (10) day period is limited to two (2) such events, and nothing contained herein shall entitle Debtors to cure a third or subsequent default as to the terms of this Agreed Order.  In the event of termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived and Movant, or its successor in interest, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies to gain possession of the property located at **5125 B FM 1206, IOWA PARK, TX 76367**, and more fully described as follows:

> **A 4.749 ACRE TRACT OUT OF A 46.738 ACRE TRACT IN THE H.B. BALCH SURVEY, A-12, WICHITA COUNTY, TEXAS, CONVEYED TO GEORGE E. GUNTER BY DEED RECORDED IN VOLUME 1424, PAGE 652, WICHITA COUNTY DEED RECORDS, AND BEING MORE PARTICULARLY DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.**

Movant shall notify the Office of the Standing Chapter 13 Trustee in the event that it forecloses/repossess its interest upon the collateral described in the Order pursuant to the terms of the Order.

6. **Effect of Non-Sufficient Funds**: Any check tendered to Movant by Debtors for any payment hereunder which is returned by Debtors' bank for any reason shall not be deemed a timely payment under this Agreed Order.

7. **Dismissal/Conversion:** In the event that this case is dismissed, for any reason whatsoever, prior to the completion of the payments set out in Paragraph 3 above, the terms of this Agreed Order shall no longer apply. In the event that this case is converted to a proceeding under Chapter 7 or 11 of the U.S. Bankruptcy Code, then all arrearages due on the Note shall be deemed due upon such conversion. Should Debtors fail to timely cure said arrearage, Movant may abandon the terms of this Agreed Order, and the 11 U.S.C. §362(a) stay shall terminate without further notice or order of the Court, and Movant shall be free to exercise any rights granted to it by the loan documents with respect to the Property, including, but not limited to, the initiation and completion of foreclosure of the Property.

###END OF ORDER###

AGREED TO AND APPROVED BY:

By: __//s// Leah J. Frazier__  
    June A. Mann/TBA No. 12928400  
    David Aaron DeSoto /TBA No. 00790585  
    David L. Rosenberg /TBA No. 17268500  
    Branch M. Sheppard /TBA No. 24033057  
    Leah J. Frazier /TBA No. 24063155  
    Mann & Stevens, P.C.  
    550 Westcott Street, Suite 560  
    Houston, Texas 77007  
    (713) 293-3600  
    (713) 293-3636 (Fax)  
    ATTORNEY FOR MOVANT

By: __//s// Monte J. White__  
    Monte J. White  
    TBA No.  
    1106 Brook Ave.  
    Wichita Falls, Texas 76301  
    (940) 723-0099  
    (940) 723-0096 (Facsimile)  
    ATTORNEY FOR DEBTORS